```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Ohio Bureau of Workers'
Compensation,                       :

      Plaintiff,               :

    v.                              :       Case No. 2:05-cv-0673

MDL Active Duration Fund, et al.:           JUDGE GRAHAM

      Defendants.              :


<u>ORDER</u>

    This case is before the Court by way of a motion to compel production of documents filed by plaintiff The Ohio Bureau of Workers' Compensation ("Bureau").  That motion was filed on March 13, 2007, and sought an order compelling the production of two different types of documents which were requested in a document request served on December 12, 2006.  Responsive and reply memoranda have been filed and the motion is ripe for decision. For the following reasons, the motion will be granted.

I.

    The first category of documents covered by the document request are related to the defendants' insurance coverage. Apparently, the defendants have been involved in litigation with two different insurance companies concerning the extent to which those insurance companies might be required to provide some type of insurance coverage for this action.  According to the Bureau, that litigation, which took place in the United States District Court for the Western District of Pennsylvania, has been settled with respect to at least one of the insurers involved by way of a confidential settlement agreement.  The defendants have declined

to produce that settlement agreement on grounds that it is irrelevant.  Although defendants also argue that many of the other documents requested by the first four written document requests served on December 12, 2006 are irrelevant, the Bureau makes clear in its reply brief that it is seeking the Court to compel production of only those "documents indicating what insurance funds are or may become available to defendants (and in what form) with respect to this action."  Reply memorandum, at 2. That is, the Bureau seeks only "the final settlement agreements Defendants have entered with their insurers and whatever other documents are in Defendants' possession, custody, or control indicating the final terms and conditions of insurance coverage for this action."  Reply memorandum, at 3.

   Although the existence of insurance coverage is not a fact which is ordinarily disclosed to the trier of fact, and it may not be used in order to argue potential liability, certain information about insurance coverage must be disclosed by parties to litigation.  Fed.R.Civ.P. 26(a)(1)(D) provides that, without being requested, any party to litigation must provide to other parties for inspection and copying "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Such information has been discoverable since amendments were made to Rule 26 in 1970.  As the Advisory Committee notes to the 1970 amendments indicate, "disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." The Advisory Committee also noted that such disclosure "will conduce to settlement and avoid protracted litigation in some cases...."  The amendment, however, was "limited to insurance

coverage, which should be distinguished from any other facts concerning defendant's financial status...." Id. Such disclosure is required only "when the insurer 'may be liable' on all or part of the judgment and it is immaterial 'whether the liability is to satisfy the judgment directly or merely to indemnify or reimburse another after he pays the judgment.'" Id. Finally, it applies only to insurance companies and not other indemnitors.

Here, defendants do not argue that the settlement agreement which the Bureau seeks to discover was not entered in to by an insurance company. In fact, they also do not argue that it does not contain information concerning whether the insurer has either agreed, under some circumstances, to satisfy any judgment rendered against the defendants, or to indemnify or reimburse them for any payments which they might make on account of any liability which they had incurred in this case. Further, it appears that the settlement agreement, while not an insurance policy, is still an "agreement" under Rule 26(a)(1)(D). Thus, it would appear that the document must be made available for inspection and copying.

The only possible argument the defendants might advance that the settlement agreement need not be disclosed under Rule 26(a)(1)(D) is that there is nothing in the agreement which obligates the insurer either to satisfy all or part of a judgment entered in this case or to indemnify or reimburse any of the defendants for payments which they might make to satisfy a judgment. So, for example, if the agreement provides only for the advancement of, or reimbursement for, defense costs, but not for any payments towards a judgment, it would not fall within the literal terms of Rule 26(a)(1)(D) and would not be discoverable or be the subject of a mandatory disclosure. See, e.g., In re AT&T Fiberoptic Cable Installation Litigation, 2002 WL 1364157

3

(S.D. Ind. June 5, 2002). Because defendants have not argued in this case that the agreement is limited in that fashion, the Court presumes that it addresses issues of insurance coverage not only for the costs of defense but also for payments on a judgment or reimbursement or indemnification of payments which the defendants might make on a judgment. Under those circumstances, it is clearly a document which must be made available for inspection and copying under Rule 26(a)(1)(D), and the motion to compel its disclosure has merit.

## II.

The other documents which the Bureau seeks are certain audit reports prepared by Deloitte & Touche which, according to the Bureau, were produced in the insurance litigation and which relate to the manner in which the defendants managed the fund in question. Defendants contend that any reports prepared relating to calendar year 2005 are irrelevant because the investment involved in this case was terminated at the end of 2004. They also assert that no documents prepared by Deloitte & Touche could relate to the Bureau's decision to invest with the defendants because all of the reports were created after the date of that decision. Finally, defendants contend that the reports are irrelevant to the manner in which the defendants handled the Bureau's investments.

It is possible that these reports, to the extent that they focus on the defendants' 2005 operations, might contain information irrelevant to this case. On the other hand, even an analysis of 2005 operations, if those operations were similar to operations in prior calendar years, could lead to the discovery of admissible evidence. Certainly, however, documents which are critical of the defendants' management of this very fund in 2003 and 2004 are directly relevant to the claims made by the Bureau. The Bureau's claims include an allegation that the defendants

mishandled funds and mismanaged the Bureau's investments. It is difficult to understand the substance of defendants' arguments that these reports are completely irrelevant. Further, as the Bureau points out, defendants do not claim any privilege for these documents. Consequently, under the liberal relevancy standard contained in Fed.R.Civ.P. 26(b), these documents appear clearly to be discoverable.

III.

Based upon the foregoing, the plaintiff's motion to compel (#149) is granted. Within thirty days of the date of this order, defendants shall make available for inspection and copying any final settlement agreements entered in to with insurers, or any other such agreements with insurers, not limited to the insurance policies themselves, which provide that, even on a contingent basis, any insurer may be responsible either for paying some or all of the judgment entered against defendants in this case or for reimbursing or indemnifying the defendants in the event that they pay any such judgment. Defendants shall also produce any reports prepared by Deloitte & Touche which contain any information relating to defendants' management of the fund involved in this case or which relate to or describe investment practices, management techniques, and other such matters similar to those employed by the defendants with respect to the fund at issue in this case, at least for calendar years 2003, 2004 and 2005.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and

5

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge